RECEIVED
IN ALEXANDRIA, LA.

FEB - 1 2010

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LARRY LEE STANLEY (#123259) | CIVIL ACTION NO. 09-cv-1813; SEC.P |
| VERSUS | JUDGE DEE D. DRELL |
| WINN CORRECTIONAL CENTER, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a complaint by Plaintiff Larry Lee Stanley, filed pro se and in forma pauperis on October 15, 2009. Plaintiff is an inmate in the custody of the Louisiana Department Public Safety and Corrections and is incarcerated at Winn Correctional Center (WNC) in Winnfield, Louisiana. This is the third of three suits Plaintiff filed in this Court in 2009. In this suit, he names as Defendants Winn Correctional Center and Warden Wilkinson. Here, Plaintiff complains of the failure to provide him with documents in the two previous suits that are currently pending.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### FACTUAL BACKGROUND

Plaintiff alleged in previous lawsuits that since July 2008, he was improperly charged for medical, canteen, and postage transactions. In this case, he claims that the inmate banking and

canteen record keepers have failed to provide him with documents that he requested and needs for his two previous lawsuits. He does not raise any new claims in this suit. He asks that the Court order Wilkinson to provide Plaintiff with all inmate banking documents that he requested as well and to have Wilkinson reimburse him for all money charged by the canteen.

## LAW AND ANALYSIS

To obtain relief under 42 U.S.C. §1983, a plaintiff must allege: (1) a deprivation of a right secured by the constitution and laws of the United States, and (2) a deprivation of that right by the defendant acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Doe v. Rains County Indep. School Dist., 66 F.3d 1402, 1406 (5th Cir. 1995). Here, Plaintiff complains that documents related to other pending lawsuits have not been provided to him. This complaint does not allege facts of the deprivation of a constitutional right.

Moreover, the only named defendants in the instant suit are Winn Correctional and Warden Wilkinson. Federal Rule of Civil Procedure 17(b) provides the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether Winn has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to

which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. Art. 24. A review of the Louisiana Secretary of State's corporation database suggests that Winn is not a corporation, and, as such, not a juridical person. Plaintiff has failed to allege or establish otherwise.

Additionally, Plaintiff claims that Wilkinson is liable as "head administrator." However, "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations or (ii) they implement unconstitutional policies that causally result in Plaintiff's injuries." Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied,* 508 U.S. 951 (1993). "Vicarious liability does not apply to § 1983 claims." Pierce v. Texas Dept. of Crim. Justice, Inst. Div., 37 F.3d 1146, 1150 (5th Cir. 1994), *cert. denied,* 514 U.S. 1107 (1995). "Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983), *cert. denied,* 464 U.S. 897 (1983). Plaintiff has not alleged facts demonstrating personal involvement by the Warden in the deprivation of a constitutional right *or* the implementation of unconstitutional policies by Warden Wilkinson. Therefore, Plaintiff's complaint is subject to dismissal on these ground, as well.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's

complaint regarding the production of documents in his two other lawsuits be **DENIED and DISMISSED** with prejudice as frivolous under 28 U.S.C. §1915(e)(2)(B). His underlying claims are being addressed in the other lawsuits.

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** Douglass v. United Services Automobile Association, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED at Alexandria, Louisiana, this _14_ day of _February_, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE